DORNER, Appellant, vs. DOHERTY, Respondent.

*April 2—June 22, 1936.*

For the appellant there were briefs by *P. F. Leuch* and *Tibbs & Tibbs,* all of Milwaukee, and oral argument by *Brooke Tibbs* and *William L. Tibbs.*

For the respondent there was a brief by *Olwell & Brady* of Milwaukee, attorneys, and *Frueauff, Burns, O'Brien & Ruch* of New York City of counsel, and oral argument by *Bernard V. Brady* and *James P. Farrell* of New York City.

The following opinion was filed April 28, 1936:

FAIRCHILD, J.   In 1929, securities listed on certain stock exchanges, including the Boston Stock Exchange, were ex-

empt from certain restrictions as to sale imposed on the sale of other securities not so listed. Sec. 189.03, Stats. 1929.

At the time of this transaction respondent was a nonresident securities broker holding a certificate as such under ch. 189, Stats. 1929. He maintained an office in Milwaukee, and Mr. Tinkham was employed by him, not as a salesman, but as a field manager. Tinkham had no authorization from and was not certified as a securities salesman or agent by the public service commission when he sold the stock to appellant. The question is whether an agent, as defined in ch. 189, Stats. 1929, must have the authorization of the public service commission in order to sell securities listed on the Boston Stock Exchange, and which are consequently exempt by the provisions of sec. 189.03, Stats. 1929. When the stock was bargained for and delivered, it was so listed, and under the terms of sec. 189.03 (4), Stats. 1929, was exempt from the operation of ch. 189. This section reads in part:

"189.03 *Securities not affected; fraud prevented.* Except as hereinafter provided this chapter shall not apply to: . . .

"(4) Securities officially listed upon the New York, Boston, or Chicago stock exchange. . . ."

Appellant dealt with Tinkham in making the purchase. Tinkham's duties were to hire, train, and generally supervise salesmen, and to have charge of the Milwaukee office of respondent. He was neither required nor authorized to act as salesman, but the twenty or more salesmen working in the Milwaukee office were duly authorized by the commission. Mr. Eierman, one of the salesmen, was credited by Tinkham with having made this particular sale. Eierman's name appears on the sales memoranda together with the amount of the commission. It appears to have been the practice of the office to give credit to some salesman for unsolicited sales made through the office.

Appellant's claims are: (1) That sec. 189.12, Stats. 1929, requires every person acting as agent to secure an authorization by the commission; and (2) that agent, as the word is used, includes every person who in this state, for compensation, represents or acts for another with authority in the sale of any security except securities issued by the United States, foreign governments, states, and municipalities, sec. 189.03 (1), Stats. 1929, or sales under sec. 189.03 (11), Stats. 1929, or pledgees acting under provisions of sub. (12) of sec. 189.03, Stats. 1929.

Sec. 189.22, Stats. 1929, defines sales that are voidable, fixes limitations of actions and a vendor's liability, and reads in part:

"(1) Every sale of a security in violation of any provision of this chapter . . . shall be voidable at the election of the purchaser."

Respondent sold properly listed, therefore exempt, securities, and he relies upon sec. 189.03, Stats. 1929, which provides that:

"Except as hereinafter provided *this chapter* shall not apply to: . . . (4) Securities officially listed upon the . . . Boston . . . stock exchange; . . ."

that this section plainly removes the securities from the application of this chapter; that the net effect of the provision is completely to take such securities out of the operation of ch. 189, Stats. 1929. The word "hereinafter," as used, becomes of importance and relates the exception noted in the opening clause to sub. (18) thereof, wherein it is provided that, if it shall appear that the sale of any securities described in subs. (2), (4a), (7), (8), (10), (15), and (17) may be unfair or inequitable, or may work a fraud on the purchaser thereof, the commission shall require the person issuing or selling the same to file a verified statement giving prescribed

information respecting the securities, and may take other steps for the protection of the public.

In the case of *Kreutzer v. Westfahl,* 187 Wis. 463, 204 N. W. 595, which arose out of a prosecution for the sale of nonexempt stock without an agent's or broker's permit, the court said:

"It is plain that the defendant was not charged of any offense under sec. 183.26, because by express language the statute was made inapplicable to the numerous classes of securities included in that section."

Sec. 183.26, Stats. 1923, there referred to, is identical with sec. 189.03, Stats. 1929. Appellant urges that the quoted language from *Kreutzer v. Westfahl, supra,* is *obiter dictum* in as much as that case involved nonexempt securities, and the statement was unnecessary to the decision. It is also his contention that the history of the statute shows the legislative intention to be contrary to the conclusion there reached. Prior to 1923, the certificate provisions of the Securities Act were coextensive with the present provisions; that is to say, a certificate was required only of persons selling securities for which a permit was required. In 1923 changes were made. A portion of the bill presented, dealing with sec. 1753—52 (renumbered sec. 183.29, Stats. 1923), and sec. 1753—57 (renumbered sec. 183.34, Stats. 1923), showing steps taken in the process of amendment, will be enough to illustrate the point. The bill, as originally introduced, was Bill No. 435, S. In its final form it became ch. 445, Laws of 1923. In the final form of these sections, words which were included in the original bill were stricken. The following shows the enacted matter as well as the stricken matter. Sec. 1753—52 (renumbered sec. 183.29, Stats. 1923):

". . . The commission shall issue a certificate . . . authorizing the applicant to act as broker for securities ~~which are or shall from time to time be authorized by the commis-~~

~~sion to be sold pursuant to the provisions of Section 1753—48 to Section 1753—68 inclusive;~~. . ." and

Section 1753—57 (renumbered sec. 183.34, Stats. 1923) :

"Every sale of a security ~~for which a permit is required, and for which no permit has been obtained,~~ in violation of any provision of sections 1753—48 to 1753—68, inclusive, and every sale of a security for which a permit has been issued, where such sale is in violation of or noncompliance with the terms and conditions of such permit, shall be voidable at the election of the purchaser."

While there is much to be said for appellant's contention, it is evident that his view of the statute was not taken by the court in the *Kreutzer Case,* and an examination of the case of *Union Indemnity Co. v. Smith,* 187 Wis. 528, 205 N. W. 492, confirms the view taken in the *Kreutzer Case.* Nor does the history of the statute uphold appellant's theory. In 1917, the Blue Sky Law consisted of secs. 1753—48 to 1753—53. The exemption corresponding to that contained in sec. 189.03, Stats. 1929, was contained in sec. 1753—49, Stats. 1917, and was as follows:

"The provisions of secs. 1753—48 to 1753—53, inclusive, shall not apply to: . . ."

These sections then comprised the entire act, so that, as originally enacted, it had no application whatever to exempt securities. In 1919, the act was revised and comprised secs. 1753—48 to 1753—68, inclusive. The exemption clause in 1753—49 was changed to read:

"The provisions of secs. 1753—48 to 1753—68, inclusive, shall not apply to: . . ."

Thus the exemption clause lifted all exempt securities out of the act. In 1921 the act was revised and made to include the provisions which now constitute sub. (18) of sec. 189.03,

Stats. 1929, relative to the visitorial powers of the commission. To conform to that exception, the opening clause had added to it the proviso: "Except as hereinafter provided," the section (sec. 1753—49, Stats. 1921) then reading:

". . . Except as hereinafter provided the provisions of secs. 1753—48 to 1753—68, inclusive, shall not apply to: . . ."

That the term "hereinafter provided" was intended to relate to the visitorial provisions appears from the fact that this clause was inserted coincidentally with these provisions. In 1923 the amendments were made upon which appellant relies. The principal amendment was the one in the section defining broker and agent, which expressly excepts from the definition of broker or agent one who sold certain securities described in the subsequent exemption clause. The difficulties arise when we attempt to include that amending clause within the meaning of the phrase "as hereinafter provided." In 1925, the preliminary clause in the exemption section was changed again as an incident to renumbering and rearranging, and the specific section numbers affected by the exemption were dropped and the clause amended to read:

". . . Except as hereinafter provided this chapter shall not apply to: . . ."

In 1931, two years after this transaction, the opening clause of sec. 189.03, Stats., was finally changed to provide:

"Except as hereinafter provided the provisions of this chapter prohibiting the sale of securities unless a permit authorizing such sale has been issued by the commission shall not apply to: . . ."

This amendment clearly cut down the scope of the exemption. Until this amendment, the exemption lifted listed securities entirely out of the operation of the statute, except as to the visitorial powers of the commission.

This view is further supported by sec. 189.22, Stats. 1929, which provides for the rescission of illegal sales. Sub. (3) of sec. 189.22, Stats. 1929, provides:

"Notice of such election [to rescind] shall be given to the party from whom recovery will be sought within three months after the purchaser shall have knowledge that such security was sold without a permit or in violation of or noncompliance with the terms and conditions of the permit. . . ."

It thus appears that, at all events, under the law applicable to the facts of this case, rescission is limited to sales of nonexempt securities made without a permit or in violation of the terms of the permit. Since this was an exempt security, plaintiff could never give such a notice of rescission as the statute requires. In the light of this, sub. (1), which provides that every sale of the securities in violation of any provisions of this chapter and every sale of the security in violation of or in noncompliance with the terms and conditions of the permit therefor shall be voidable, must evidently relate to sales of nonexempt securities without a permit or in violation of the terms of the permit. This view is further supported by the fact that in 1931 the legislature amended sub. (3) of sec. 189.22, Stats., by adding the words, ". . . or of the provisions of ch. 189," thus for the first time recognizing as a cause for rescission any noncompliance with the provisions of ch. 189. In view of this, it is unnecessary to consider further and more particularly respondent's contention that Tinkham was not an agent or salesman required to be certified, or that appellant's notice of election did not meet the conditions imposed by the rescission section.

It is contended by appellant that the trial court erroneously refused an offer of proof as to practical construction of the act by the commission. As the *Kreutzer Case* settled the construction as of June 2, 1925, the practical construction of the act thereafter would be of no materiality.

It is urged that the trial court erred in denying appellant's application to reopen the case after decision on the merits had been made. The case was tried September 20, 1934, and the decision of the court filed March 29, 1935. Thereafter findings were submitted on behalf of respondent. In June, 1935, appellant moved to reopen the case for further proof as to the practice and rulings of the commission. This motion was denied by the trial court on June 27, 1935, and the findings were then signed. These findings included a finding of fact to the effect that "the public service commission has not exercised over sales of said stock or over said stock, any of the visitorial powers reserved under sub. (18) of said section 189.03." Plaintiff moved the court for leave to adduce new evidence bearing on the question as to whether the visitorial powers of the public service commission had ever been exercised with respect to this stock. This was denied and the findings were signed. There was no abuse of discretion on the part of the trial court in so ruling, in view of the holding that these securities were exempt and at the time no broker's license or authorization was necessary unless the commission had exercised the visitorial powers conferred by sub. (18) of sec. 189.03, Stats. 1929.

The construction of the statute followed here is the same as in *Kreutzer v. Westfahl, supra,* and appellant, having failed upon the trial to establish that the visitorial powers of the commission had actually been exercised, and his sole reliance having been on a different construction of the statute, the trial court was warranted in ruling as it did.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 22, 1936.